**Buyer's Order, Agreement & Vehicle Information Form**

9560 N. Florida Ave.
TAMPA, FL 33612
(813) 321-1234
www.elderfordoftampa.com

Date: 10/12/2017　　　　　　　　　　　　　　　　DEAL# 373456

| Buyer Name and Address | Co-Buyer Name and Address | Seller Name and Address |
|---|---|---|
| HWS I, LLC<br>124 W PINE ST<br>MISSOULA MT 59802 | N/A | ELDER FORD OF TAMPA LLC<br>9560 N FLORIDA AVENUE<br>TAMPA, FL 33612 |
| County: MISSOULA<br>Email:<br>Phone:<br>Cell: | County:<br>Email:<br>Phone:<br>Cell: | Salesperson: |

In this Buyer's Order, Agreement and Vehicle Information Form ("Order and Agreement"), "you" means the buyer, and any co-buyer. "We," "us" and "our" means the Seller. You agree to purchase the vehicle from us according to the terms of this Order and Agreement.

**Vehicle Description**

| Year: | Make: | Model: | Mileage: | Vehicle Identification Number: |
|---|---|---|---|---|
| 2017 | FORD | GT | 9 | 2FAGP9CW9HH200077 |

| New/Used/Demo/Executive: | Color: | Body: | Stock Number: |
|---|---|---|---|
| NEW | BLUE | CP | HH200077 |

**Additional Vehicle Information**

☐ THIS VEHICLE WAS DELIVERED TO A PREVIOUS PURCHASER.
Buyer X _____
Co-Buyer X N/A

Unless checked below, Seller has no knowledge of and makes no representation about the history of the vehicle.
The vehicle was previously titled, registered, or used as a (check as applicable) ☐ taxicab ☐ police vehicle ☐ short term rental.
The vehicle is (check as applicable) ☐ rebuilt or assembled from parts ☐ a kit car ☐ a glider kit ☐ a replica ☐ a flood vehicle ☐ a manufacturer buy back.

**Purchase Information (e) means an estimate**

| Vehicle Purchase Price | 460000.00 |
|---|---|
| Accessories | N/A |
|  | N/A |

**Disclosures**

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, this vehicle is sold "AS IS" and "WITH ALL FAULTS." The Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.
Buyer acknowledges receipt of any warranty information prior to the sale of the vehicle.

Buyer's Initials ___ Co-Buyer's Initials N/A

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

You have thoroughly inspected, accepted, and approved the vehicle described above in all respects. You may obtain an independent third party inspection of the vehicle on your own.

Buyer's Initials ___ Co-Buyer's Initials N/A

We acknowledge that as a condition of sale of the Vehicle, we will perform the following services within ___ days of the date of purchase. Call ___ to schedule service.

| Subtotal | 460000.00 |
|---|---|
| Less Allowance or Discount of | N/A |
| Net Difference | 460000.00 |
| Predelivery Service Charge** | 699.00 |
| Electronic Registration Filing Fee** | 110.00 |
| **These charges represent costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale. | |
| Lead Acid Battery Fee | 1.50 |
| New Tire Fee ($1.00 per tire) | 5.00 |
| Subtotal | 460815.50 |
| Sales Tax | N/A |
| County Tax | 2300.00 |
| Other Tax | N/A |
| Lemon Law - Warranty Enforcement Act (New Cars Only) | 2.00 |
| Title, Registration, and License Fees (e)<br>☐ New ☐ Transfer | 255.50 |
| Prior Credit or Lease Balance | N/A |
| Subtotal | 463373.00 |
| Service Contract | N/A |
| Maintenance Agreement | N/A |
|  |  |
|  |  |
|  |  |
| Sales Tax on Ancillary Products | N/A |
| Total Sale Price | 463373.00 |
| Rebate | N/A |
| Cash Down | 230000.00 |
| Other Downpayment (Describe)<br>N/A |  |
| Total Downpayment | 230000.00 |
| Balance Due on Delivery | 233373.00 |

**Trade-In Vehicle**

Year N/A Make _____ Model _____
VIN _____ Mileage _____
Lienholder _____
Payoff Amount N/A Good Thru: _____
Lienholder _____
Payoff Amount N/A Good Thru: _____

**Trade-In Vehicle**

Year N/A Make _____ Model _____
VIN _____ Mileage _____
Lienholder _____
Payoff Amount N/A Good Thru: _____
Lienholder _____
Payoff Amount N/A Good Thru: N/A

You assign to us all of your rights, title and interest in such Trade-In vehicle(s). You represent that your Trade-In vehicle(s) was not previously used as a police vehicle, taxicab, or under a short-term lease. To the best of your knowledge, the vehicle(s) you are trading in ☐ have ☐ have not been in any accident with damages exceeding $500.

Buyer Initials _____ Co-Buyer Initials N/

SELLER'S RIGHT TO CANCEL - If Buyer and Co-buyer sign here, the provisions of the Seller's Right to Cancel section on the back, which gives the Seller the right to cancel if Seller is unable to assign a Retail Installment Sale Contract signed with this Order and Agreement within 20 days, will apply. If you fail to return the vehicle within 48 hours after receipt of the notice of cancellation, you agree to pay Seller a charge of $ 50.00 per day from the date of cancellation until the vehicle is returned or repossessed.

X _____  X N/A
Buyer Signs　　　　　　　　　　　Co-Buyer Signs

Payoff Agreement - We relied on information from you and/or the lienholder(s) or lessor(s) of your Trade-in vehicle(s) to arrive at the payoff amount(s) shown above. You understand that the amount(s) quoted is/are an estimate. We agree to pay the payoff amount(s) shown above to the identified lienholder(s) or lessor(s) of the Trade-in vehicle(s), or a designee. If the actual payoff amount(s) is/are more than the amount(s) shown above, you must pay us the excess on demand. If the actual payoff amount(s) is less than the amount(s) shown above, we will refund to you any overage we receive from your prior lienholder(s) or lessor(s).

You may secure financing with us or through any financing entity you choose. The financing terms you get could be more favorable than the terms we give you. If we sell you any ancillary product, such as credit insurance or GAP, we may receive part of the cost of the product and/or other compensation from the provider of the product.

The Annual Percentage Rate in a Retail Installment Sale Contract may be negotiable with the Seller. The Seller may assign any Retail Installment Sale Contract to a finance source and retain its right to receive a part of the finance charge imposed on that contract.

Section 501.98, Florida Statutes, requires that, at least 30 days before bringing any claim against a motor vehicle dealer for an unfair or deceptive trade practice, a consumer must provide the dealer with a written demand letter stating the name, address, and telephone number of the consumer; the name and address of the dealer; a description of the facts that serve as the basis for the claim; the amount of damages; and copies of any documents in the possession of the consumer which relate to the claim. Such notice must be delivered by the United States Postal Service or by a nationally recognized carrier, return receipt requested, to the address where the subject vehicle was purchased or leased or where the subject transaction occurred, or an address at which the dealer regularly conducts business.

X _____  X N/A
Buyer's Signature　　　　　　　　　Co-Buyer's Signature

This Order and Agreement represents the final agreement between the parties related to the sale of the vehicle and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties.

Buyer Signs: X _____ Co-Buyer Signs: X N/A
You have read each page of this Order and Agreement, including the arbitration provision on the reverse side, and agree to its terms. You have received a completely filled in copy of this Order and Agreement.

Buyer Signs: X _____ Co-Buyer Signs: X N/A

Accepted by Seller: X _____ By: Finance

iLAW FORM NO. FADA-BOVIARB (Rev. 9/14)
© 2014 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9288

THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CENA_0001

**Definitions.** These definitions apply to this Order and Agreement.

- "Buyer" and "you" mean or refer to the party executing this Order and Agreement as such.
- "Consideration" means the amount of the downpayment paid in cash plus the trade-in, or, if sold, the wholesale fair market value of the trade-in.
- "Dealer", "us", "our", and "we" mean or refer to the authorized Dealer named on the face of this Order and Agreement and who becomes a party to this Order and Agreement by accepting it.
- "Manufacturer" means the corporation that manufactured the Vehicle or its designated distributor. We are not the Manufacturer's agent. You and we are the sole parties to this Order and Agreement. References in this Order and Agreement to Manufacturer are for the purpose of describing certain contractual relationships between the Manufacturer and us relating to new vehicles.
- "Retail Installment Sale Contract" means any contract you sign to finance the Vehicle over time.
- "Trade-in" is the used Vehicle that Buyer intends to use as part of the downpayment for the purchase price of the Vehicle or otherwise is to be transferred to Dealer.
- "Vehicle" is the Vehicle or chassis that is the subject of this Order and Agreement.

**Manufacturer Pricing.** The Manufacturer may change our price of new Vehicles without notice. If that happens, with regard to new Vehicles of the series and body type of the Vehicle before we deliver it to you, we may change the cash delivered price of the Vehicle to you accordingly. If we do, you may cancel this Order and Agreement. If you cancel, we will return any Trade-in to you, unless we have sold it. You agree to pay reasonable storage and repair charges. If we have sold the Trade-in, we will pay you the wholesale fair market value of the trade-in.

**Trade-In Title and Appraisal.** If you do not deliver your Trade-in to us until we deliver the Vehicle to you, we will reappraise the Trade-in at that time, subject to applicable law. The reappraised value will be the allowance for the Trade-in. If the reappraised value is lower than the amount shown in this Order and Agreement, you may cancel this Order and Agreement. You must exercise your right to cancel before we deliver the Vehicle to you and you surrender the Trade-in to us.

You agree to give us satisfactory evidence of title to any Trade-in when you deliver it to us. You warrant any Trade-in to be your property. You warrant that the Trade-in is free and clear of all liens and encumbrances unless otherwise noted in this Order and Agreement, and that the Trade-in has never had a salvage or "branded" title. You represent that the Trade-in's mileage shown in this Order and Agreement is the actual mileage on the Trade-in unless you have noted other mileage on this Order and Agreement. You authorize us to rely on this representation in entering into this transaction. If you provide false information in connection with your Trade-in, you will be responsible for all damages resulting from such misrepresentation, including all costs we incur in resolving this matter, such as reconditioning costs, legal fees, court and collection costs.

**Refusal to Accept Delivery.** If you fail or refuse to accept delivery of the Vehicle or comply with this Order and Agreement, we may keep as liquidated damages any cash deposit you made, to the extent not prohibited by law. We may reimburse ourselves for any expenses and losses we incur or suffer as a result of your failure or refusal. Such expenses and losses may include our reasonable attorneys' fees. This section does not apply if you cancel this Order and Agreement as a result of a change in Manufacturer Pricing or a change in the appraised value of the Trade-In.

**Manufacturer Design Changes.** The Manufacturer may change the design of any Vehicle, chassis, accessories, or parts at any time without notice and without obligation. The Manufacturer may also make the same or any similar change upon any Vehicle, chassis, accessories, or parts already bought by or shipped to us or being manufactured or sold in accordance with our order. If the Manufacturer makes such a change, we have no obligation to you to make the same or any similar change in the Vehicle or its parts either before or after we deliver the Vehicle to you, nor do we have an obligation to inform you of any future design changes.

**Delivery Delays.** We are not liable for failure to deliver or delay in delivering the Vehicle where such failure or delay is due, in whole or in part, to any cause beyond our control or without our fault or negligence.

**Taxes.** The Vehicle price includes reimbursement for Federal Excise taxes. The Vehicle price does not include sales taxes, use taxes or occupational taxes based on sales volume, (federal, state or local) unless expressly so stated. You agree to pay, unless prohibited by law, any taxes imposed on or that apply to the transaction reflected by this Order and Agreement, regardless of who has primary liability for the tax.

**Financing.** This Order and Agreement is an agreement to buy the Vehicle. If there is a Balance Due on Delivery, your obligation to buy and our obligation to sell the Vehicle, are expressly conditioned upon you obtaining financing for the Balance Due on Delivery. You have two business days from the date of this Order and Agreement to obtain financing.

If there is a Balance Due on Delivery, we may assist in submitting credit applications to third-parties that may take assignment of a retail installment contract entered into by you and us. Except as provided in a written agreement signed by you and us, we do not agree to finance any part of the sale of the Vehicle.

**Dishonored Payment Instruments.** If you pay us with a check or other payment instrument that is dishonored or unpaid for any reason, we may, at our sole option, declare this Order and Agreement null and void and retake the Vehicle, or make claims against you on the check. In addition, and subject to any notice requirements under applicable law, if any check or other payment instrument you give us is dishonored or any electronic payment you make is returned unpaid, you will pay a charge of $25 if the payment amount is $50 or less; $30 if the payment amount is over $50 but not more than $300; $40 if the payment amount is over $300; or such amount as permitted by law.

**Servicing and Collection Contacts.** You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**Rebates/Payment/Incentives.** Seller has no obligation to disclose to Buyer the availability of incentives or rebates. All rebates, payments, and/or incentives are, by this Order and Agreement, assigned to the Seller. If the front of this Order and Agreement shows a discount or credit based on Buyer's relationship with the Manufacturer, Buyer must furnish Seller with all necessary documentation, information, verification and certificates.

**Jury Trial Waiver.** By entering this Order and Agreement, you agree to waive your right to a jury trial.

**Miscellaneous.** Federal and Florida law apply to this Order and Agreement. You agree to sign such agreements or documents as we may require to effect the terms and conditions of payment shown in this Order and Agreement. This Order and Agreement survives the execution of a Retail Installment Sale Contract. In the event that any of the terms and conditions of this Order and Agreement are inconsistent with the terms and conditions of any Retail Installment Sale Contract between Buyer and Seller, the terms of such Retail Installment Sale Contract apply. The Predelivery Service Charge shown on the front of this Order is the Seller's charge and is not the same charge as any similarly worded charge of the Manufacturer itemized on the Monroney label (a/k/a Manufacturer sticker).

**Seller's Right to Cancel**

a. Seller agrees to deliver the Vehicle to you on the date the Retail Installment Sale Contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit, locate financing for you on the exact terms shown on the front of the Retail Installment Sale Contract, and assign the Retail Installment Sale Contract to a financial institution. You agree that Seller has the number of days stated on the front of the Retail Installment Sale Contract to assign the Retail Installment Sale Contract. You agree that if Seller is unable to assign the Retail Installment Sale Contract within this time period to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the Retail Installment Sale Contract. Seller's right to cancel the Retail Installment Sale Contract ends upon assignment of the Retail Installment Sale Contract.

b. If Seller elects to cancel per Paragraph a. above, Seller will give you written notice (or in any other manner in which actual notice is given to you). In that event, you may have the option of negotiating and signing a new Retail Installment Sale Contract with different financing terms (for example, a larger down payment, a higher annual percentage rate, a required cosigner, etc.) or you may pay with alternate funds arranged by you.

c. Upon receipt of the notice of cancellation, you must return the Vehicle to Seller within 48 hours in the same condition as when sold other than reasonable wear for the time you had it. Except as described below, Seller must give you back all consideration Seller has received from you in connection with the Retail Installment Sale Contract.

d. If you do not return the Vehicle within 48 hours after receipt of the notice of cancellation, you agree that Seller may use any lawful means to take it back (including repossession if done peacefully) and you will be liable for all expenses incurred by Seller in taking the Vehicle from you, including reasonable attorney's fees. If you fail to return the Vehicle within 48 hours after receipt of the notice of cancellation, you agree to pay Seller the charge shown in the Seller's Right to Cancel provision on the front of this Order and Agreement and as may be provided in the Retail Installment Sale Contract for each day you do not return the Vehicle after receipt of the notice of cancellation.

e. While the Vehicle is in your possession, all terms of the Retail Installment Sale Contract, including those relating to use of the Vehicle and insurance for the Vehicle, are in full force and you assume all risks or damage to the Vehicle. You must pay all reasonable costs for repair of any damage done to the Vehicle while the Vehicle is in your possession. Seller may deduct from any consideration due to you under paragraph c. above Seller's reasonable costs to repair the Vehicle and any daily charges you incur if you fail to return the Vehicle within 48 hours after the receipt of the notice of cancellation. If Seller cancels the Retail Installment Sale Contract, the terms of this Seller's Right to Cancel provision (including those on the front of this Order and Agreement and as provided in the Retail Installment Sale Contract) remain in effect even after you no longer have possession of the Vehicle.

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this Order and Agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Order and Agreement) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this Order and Agreement was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator. If the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the Vehicle, to recover a deficiency balance, or for individual injunctive relief. Any party having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination; payoff or transfer of this Order and Agreement. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

CENA_0002