UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FORD MOTOR COMPANY,

        Plaintiff(s),

v.

JOHN CENA,

        Defendant(s).
_____/

Case No.   17-13876
Honorable Arthur J. Tarnow
Senior U. S. District Judge

## SCHEDULING ORDER

**IMPORTANT: You will receive no further notice of these dates, however they are available on CM/ECF through PACER.**

ORDER RE:

1. Scheduling discovery;
2. Setting date for filing of final pretrial order;
3. Setting date of final pretrial conference;
4. Setting tentative trial term;
5. Providing for content of final pretrial order and describing materials to be prepared and to be made available to the Court and counsel.

1. Jury _____ Non-Jury __X__   Estimated length of trial: 5 days   .

2. Names of all Witnesses, lay and expert, **MUST BE EXCHANGED BY: 6/1/2018**   .

3. All **Discovery must be completed by:** 12/7/2018   .

   This Court will order no discovery to take place after that date.  **ALL DISCOVERY MOTIONS** must be filed by:   **11/7/2018**   .

4. Dispositive Motion filing cut-off date:   1/7/2019   .

5. Case Evaluation:  Yes _____   No __X__

   Case Evaluation Order to be entered:   **N/A**   .

6. Date and time for Final Pretrial/Settlement Conference:  **4/10/2019 at 2:30 p.m.** **Trial counsel and all persons necessary to make a final decision as to the terms of settlement must be present at this settlement conference (clients).**

7. Final Pretrial Order to be submitted to the Court by:   **4/3/2019**   .

Scheduling Order continued

8. On the morning of trial, all counsel shall furnish the following:
    a. A trial brief.

    b. A list of all exhibits marked consecutively, as well as copies of all exhibits (to the extent possible) for use on the bench. All exhibits will be received prior to trial, except those where an objection is noted. With reference to those exhibits, they will be received during trial at the proper time.

    c. In jury cases, any requests for voir dire and proposed jury instructions (jury instructions shall be provided by hard copy and on disk in WordPerfect or Microsoft Word).

    In non-jury cases, Proposed Findings of Fact and Conclusions of Law shall be submitted at the beginning of trial.

9. Other matters: _____.

10. **IT IS ORDERED** that counsel for **plaintiff(s)** assume the responsibility for convening a conference for all parties to collaborate in the formulation of a short, concise pretrial order that is to be drafted by counsel for **plaintiff(s)**, approved and signed by counsel for all parties, and submitted to the Court for approval and adoption. The order should provide for the signature of the Court, which when signed, will become an Order of the Court.

11. Tentative Trial Term:  **April - June 2019**

To view Judge Tarnow's pretrial and trial practice, see www.mied.uscourts.gov

# **DISCOVERY PRACTICE**

It is expected all parties and all counsel to conduct discovery in a cooperative way, consistent with FRCP 1: "To secure the just, speedy, and inexpensive determination of every action."

Counsel are encouraged to communicate early, often and informally in dealing with discovery problems.  If they can't resolve them, don't hesitate to bring them to my attention.  While you can always file a motion, I'm also available to conduct an informal discovery conference, either in person or by telephone.  To arrange for such a conference, call Michael Lang at (313) 234-5182.

The questioning attorney at depositions is to be respectful of the witness, to confine questions to subjects that are discoverable under FRCP 26(b) and to spend no more time than is reasonable in questioning the witness.  All attorneys are to be polite and professional.

The lawyer defending a witness at a deposition should not impede the legitimate interrogation of that witness.  Since all objections, other than as to form or dealing with privilege, are preserved for trial, I expect that objections will be few in number and will not be "speaking objections;" i.e., those calculated to suggest an answer to the witness or impede legitimate questions.  See FRCP 30(d)(i) and 32(d)(3).

If problems arise in a deposition and counsel need immediate guidance from the Court, you may call me at (313) 234-5180, fax (313) 234-5492.

Document requests and interrogatories should be reasonable in scope.  Responses should be complete and, in fact, responsive.  If there are doubts as to definitions or scope, they should be raised promptly with the requesting party.

Documents withheld on the basis of privilege should be listed on a privilege log with sufficient information to enable the requesting party to understand the nature of the documents and the basis of the privilege claim.

To view Judge Tarnow's pretrial and trial practice, see www.mied.uscourts.gov

**LR 16.2**            **JOINT FINAL PRETRIAL ORDER**

*The Proposed Pretrial Order shall follow strictly Local Rule 16.2 on Joint Pretrial Orders. Local Rule 16.2 provides as follows:*

**(a)**      **Joint Final Pretrial Order.** The parties shall furnish a joint final pretrial order in every civil case at, or if the judge requires, before the final pretrial conference. This joint final pretrial order shall fulfill the parties' disclosure obligation under Fed.R.Civ.P.26(a)(3), unless the Judge orders otherwise. All objections specified in Rule 26(a)(3) shall be made in this order. Counsel for plaintiff(s) or a plaintiff without counsel shall convene a conference for all parties to confer and collaborate in formulating a concise joint final pretrial order. Counsel for plaintiff(s) or a plaintiff without counsel shall compile the order. Counsel for all parties and any party without counsel shall approve and sign the order. Counsel for all parties and any party without counsel shall submit *an original and one copy* of the order to the assigned Judge for approval and adoption. The order shall provide for the signature of the Court and, when signed and filed in the Clerk's Office, becomes an order of the Court, superseding the pleadings and governing the course of trial unless modified by further order. The pretrial order shall not be a vehicle for adding claims or defenses. The order *will not* be filed in the Clerk's Office until the Judge has signed it.

**(b)**      **Contents of Order.** The Joint Final Pretrial Order shall contain, under numbered and captioned headings, the following:

       **(1)**      **Jurisdiction.** The parties shall state the basis for Federal Court jurisdiction, and whether jurisdiction is contested by any party.

       **(2)**      **Plaintiffs' Claims.** The statement of the claim or claims of plaintiffs, shall include legal theories.

       **(3)**      **Defendants' Claims.** The statement of the claim or claims of defendants or third parties, shall include legal theories.

       **(4)**      **Stipulation of Facts.** The parties shall state, in separately numbered paragraphs, all uncontested facts.

       **(5)**      **Issues of Fact to be litigated.**

       **(6)**      **Issues of Law to be litigated.**

**(7)     Evidence Problems Likely to Arise at Trial.**  Include objections to exhibits and to the use of deposition testimony, including the objections required under Fed.R.Civ.P.26(a)(3).  The order shall list all motions *in limine* of which counsel or a party without counsel should reasonably be aware.

**(8)     Witnesses.**  Each party shall list all witnesses whom that party *will* call and all witnesses whom that party *may* call, including the approximate length of time each witness is expected to testify.  This listing shall include, but is not limited to, the disclosures required under Fed.R.Civ.P.26(a)(3)(A) and (B).  A party may, without further notice, call a witness listed by another party as a *"will call"* witness.  Except as permitted by the Court for good cause, a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed.  The list shall state whether the witness is an expert and whether testimony will be offered by deposition.  Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before the trial, or except for good cause shown.  The provisions of Fed.R.Civ.P.37(c)(1) shall apply to a failure to list a witness.

**(9)     Exhibits.**  The parties shall number and list, with appropriate identification, each exhibit, including summaries, as provided in Fed.R.Civ.P.26(a)(3)(C).  Objections to listed exhibits must be stated in the joint pretrial order.  Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown.  The provisions of Fed.R.Civ.P.37(c)(1) shall apply to a failure to list an exhibit.

**(10)    Damages.**  The parties shall itemize all claimed damages and shall specify damages that can be calculated from objective data.  The parties shall stipulate to those damages not in dispute.

**(11)    Trial.**

    (A)  Jury or non-jury.

    (B)  Estimated length of trial.

**(12)    Settlement.**  Counsel or a party without counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date, and state the current status of negotiations and any plans for further discussions.  They may state that they wish the Court to schedule a settlement conference.

**(c)    Failure of Counsel to Cooperate.**  For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to

testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

**(d)     Filing of Trial Briefs, Findings and Instructions.**  The Joint Final Pretrial Order shall further provide that trial briefs, proposed findings of fact and conclusions of law in non-jury cases or complete preliminary and final instructions in jury cases shall be filed on the first day of trial.  Any disputes concerning instructions will be decided on the day of trial.

**(e)     Additional Requirements.**  A Judge, in an appropriate case, may add additional requirements to the Joint Final Pretrial Order, or may suspend application of this Rule in whole or in part.

**(f)     Juror Costs Attributable to Parties.**  Each party shall acknowledge that the Court may assess juror expenses under LR 38.2.

> Comment: Under LR 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial.

Dated: March 28, 2018                         s/Arthur J. Tarnow
Detroit, Michigan                             ARTHUR J. TARNOW
                                              UNITED STATES DISTRICT JUDGE